IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00129-MR

| | |
|---|---|
| CHRISTOPHER M. OXENDINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WAL-MART STORES, INC., et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Mecklenburg County Jail. [Doc. 1]. The Plaintiff did not pay the filing fee or file an application to proceed in forma pauperis. On February 2, 2024, the Clerk entered a Notice of Deficiency ordering the Plaintiff to pay the filing fee or to file an application to proceed in forma pauperis within 21 days. [Doc. 2]. The Plaintiff was cautioned that the "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." [Id. at 1]. That same day, the Plaintiff was also mailed a copy of the Court's standing Order of Instructions in which he was informed that "[i]t is the Plaintiff's responsibility to keep the Court advised of his/her current address at all times" by promptly filing a "Notice of Change of

Address," and that the failure to do so may result in the case's dismissal for lack of prosecution. [See Case No. 3:19-mc-00054 (Standing Order)].

The time to pay the filing fee or to file an application to proceed in forma pauperis has expired, and the Plaintiff has failed to comply. Moreover, it appears that the Plaintiff is no longer located at the Mecklenburg County Jail, and he has not informed the Court of his new address.[1]

The Plaintiff appears to have abandoned this action and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

---

[1] According to the Mecklenburg County Sheriff's Office website, the Plaintiff was released from the Jail on February 9, 2024. https://mecksheriffweb.mecklenburgcountync.gov/Inmate/Details?pid=0000211244&jid=24065395&activeOnly=False&lastName=oxendine&maxrows=50&page=1 (last accessed March 14, 2024); Fed. R. Evid. 201.

**IT IS SO ORDERED.**

Signed: March 18, 2024

Martin Reidinger
Chief United States District Judge